[Civ. No. 18276.   First Dist., Div. Two.   Nov. 7, 1958.]

SAMUEL H. TARR, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Holmdahl & Fletcher and John W. Holmdahl for Petitioner.

Edmund G. Brown, Attorney General, Gerald F. Carreras
and Albert W. Harris, Jr., Deputy Attorneys General, Everett
A. Corten, Daniel C. Murphy and Emily B. Johnson for Re-
spondents.

DRAPER, J.—Petitioner seeks annulment of a decision and
award of respondent Industrial Accident Commission deny-
ing his application for compensation from respondent Subse-
quent Injuries Fund.

In the course of his employment as a laborer petitioner, in
August of 1955, sustained an injury to his right foot.  Before
this injury, petitioner had lost an eye in a nonindustrial
accident, had suffered an industrial injury to his left foot, and

had suffered from a loss of hearing which he does not attribute to his employment. He contended that the 1955 right foot injury resulted in permanent partial disability, and that this disability, combined with the claimed permanent partial disabilities resulting from the previous injury and impairment, amounted to a permanent disability of 70 per cent or more of total, thus entitling him to compensation from the Subsequent Injuries Fund. (Lab. Code, § 4751.)

The referee determined that the 1955 foot injury caused permanent partial disability of 6½ per cent, and that this, with the preexisting physical impairment resulting from loss of an eye and from injury to the left foot, resulted in a total combined disability of 50½ per cent. The referee refused to consider the hearing loss at all in determining this total combined disability. Findings and award were entered accordingly. Respondent commission denied rehearing, and this petition for writ of review followed.

The sole issue is whether the hearing loss should have been considered in determining the combined disability. The evidence of hearing loss consisted of reports of two medical examinations, one in July, 1957, and one in January, 1958. They show that petitioner's hearing loss began at least as early as 1948, that at the time of examination it amounted to at least 88.5 per cent, and, in the report of the fund's examiner, that 90 per cent of this binaural loss occurred before the date of the 1955 foot injury. The doctors agree that the deafness is progressive and that it cannot be alleviated by medical treatment. The fund doctor emphasizes that the deafness will continue to increase.

Respondent fund argues that the deafness is not ratable because it had not become "permanent and stationary" at the time of the 1955 foot injury. It has been pointed out that the word "stationary" is not used in the statute, but has been read into it by commission rule as a means to easy and practical administration. (*Dahlbeck* v. *Industrial Acc. Com.*, 135 Cal.App.2d 394, 399 [287 P.2d 353].) As pointed out in that decision, overemphasis upon the "stationary" nature of a condition could result in denying recovery for a condition which is "progressive and ultimately fatal." While the deafness here involved would not be fatal, the evidence is undisputed that it will not lessen. To hold that such a condition is not sufficiently stationary to support an award would run counter to the purpose and the text of the statute. Whatever may be said for the case where the condition may improve,

there is no basis for respondent's argument here, where the condition can only worsen. Upon the authority of Dahlbeck, we reject respondent's contention.

Both respondents argue that petitioner failed, before the commission, to sustain his burden of showing that his deafness was a disability or impairment within the meaning of Labor Code, section 4751. It is argued that only a "labor disabling" condition can be so considered, that the deafness did not interfere with petitioner's securing of the job he held at the time of his foot injury, and that he has failed to prove affirmatively that it interfered with his performance of his work. It is true that " 'asymptomatic disease processes . . . which in nowise interfered with the employee's ability to work' " are not within the purview of section 4751. (*Ferguson* v. *Industrial Acc. Com.*, 50 Cal.2d 469, 474 [326 P.2d 145].) But it is difficult, if not impossible, to fit a binaural hearing loss of 88.5 per cent to 97 per cent, requiring the wearing of a hearing aid, within the definition of an asymptomatic disease process not interfering with ability to work. Total loss of hearing is recognized as ratable (Hanna, Law of Employee Injuries, etc., vol. 1, 252), and award has been made for partial loss of hearing (*Foley* v. *California Casualty Indem. Exch.*, 8 Cal.Comp.Cases 266). It seems clear that some ratable permanent disability results from so substantial a loss of hearing as is shown here. It is equally clear that so pronounced a hearing loss is labor disabling in some degree. The fund's own medical examiner found that 90 per cent of the hearing loss found at date of examination existed immediately before the foot injury. It follows that the hearing loss should have been considered in determining the combined permanent partial disability of petitioner. His rights under section 4751, of course, will depend upon whether the combined rating reaches 70 per cent.

The award is annulled and the matter remanded for determination by the commission, on the merits, in a manner consistent with this opinion.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied December 5, 1958, and the petition of respondent Subsequent Injuries Fund for a hearing by the Supreme Court was denied December 30, 1958. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.

---

. *Assigned by Chairman of Judicial Council.